℆JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Angie Denton, Krystal Sikes, Lynette Kearney, Donna O'Berry and Terri Smith

**(b)** County of Residence of First Listed Plaintiff: **Waycross**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
The Futch Law Firm, Kenneth E. Futch, 110 Screven Ave., Waycross, GA 31501

## DEFENDANTS
Suntrust Banks of Georgia, Inc., Clayton Homes, Inc., Samuel Wylie and Sandy Ursery

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
James L. Roberts, IV, Jason M. Tate of Roberts Tate, LLC, 400 Main Street Cottage 1, St. Simons Island, GA 31522 -- Attorneys for Clayton Homes, Inc., R. Matthew Eunice, Neal L. Conner, Jr.

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☒ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS---Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**28 USC 1331, 28 USC 1441, 28 USC 1446**
Brief description of cause:
**RICO conspiracy**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 08/31/2011

SIGNATURE OF ATTORNEY OF RECORD: /s/ James L. Roberts, IV

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| ANGIE DENTON, KRYSTAL SIKES, LYNETTE KEARNEY, DONNA O'BERRY, and TERRI SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>SUNTRUST BANKS OF GEORGIA, INC., CLAYTON HOMES, INC., SAMUEL WYLIE, and SANDY URSERY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Clayton Homes, Inc. ("CHI" or "Defendant"), by and through undersigned counsel, hereby files this Notice of Removal, removing the above-captioned case from the State Court of Ware County, Georgia to the United States District Court for the Southern District of Georgia, Waycross Division. Co-Defendants SunTrust Banks of Georgia, Inc. ("SunTrust"), Samuel Wylie ("Wylie"), and Sandy Ursery ("Usery") consent to the removal of this action. In support of removal, CHI respectfully states as follows:[1]

*Statement of Removal*

1.  On August 1, 2011, Plaintiffs Angie Denton, Krystal Sikes, Lynette Kearney, Donna O'Berry, and Terri Smith (collectively "Plaintiffs") commenced this action by filing a Complaint in the State Court of Ware County, Georgia, styled No.: S11V-316.

---

[1] In filing this removal, Defendant specifically preserves, and does not waive, the defense of lack of personal jurisdiction.

2.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and other papers in the State Court action are attached as Exhibit A and are incorporated herein by reference. The only defendant that that has filed a responsive pleading in the state court is Sandy Ursery.[2]

3.  This Court has removal jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a). Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." Such actions are removable pursuant to 28 U.S.C. § 1441(a).

### *Federal Question Jurisdiction*

4.  This action, which includes allegations of federal RICO, 18 U.S.C. §§ 1341, 1343, 1344, 1956, and 1957, as well as claims for violations of Georgia's RICO statute, O.C.G.A § 16-14-1 *et seq.*, arises from an alleged scheme by Defendants to violate federal immigration, employment and banking laws, including 8 U.S.C. § 1324a, 12 U.S.C. § 1882, 31 U.S.C. § 5318(l), and 12 C.F.R. §§ 208.61(c) and 208.62(c). Plaintiffs allege that, as part of a scheme in which Defendant CHI sought to violate federal immigration and employment laws by employing undocumented and illegal workers, Defendants induced Plaintiffs, who are former employees of Defendant SunTrust, to violate federal banking law by cashing payroll checks without proper identification. Plaintiffs further allege that SunTrust also violated federal law, including federal banking law, by failing to report this alleged scheme to federal regulators and/or by "submitting false and misleading" claims to SunTrust's insurance, bond or surety companies.

---

[2] The filing of an answer by Sandy Ursery in state court does not operate as a waiver of her right to consent to the removal of this case to federal court. *See, e.g., Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246-47 (11th Cir. 2004); *Miller v. All Star, Inc.*, No. CIV.A109CV3551JOFAJB, 2010 WL 1410555, at *3 (N.D. Ga. Feb. 10, 2010) *report and recommendation adopted as modified*, No. CIV.A 109CV03551JOF, 2010 WL 1410554 (N.D. Ga. Mar. 30, 2010).

5.  A defendant can remove to the appropriate federal district court "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal question jurisdiction exists under 28 U.S.C. § 1331 when a case "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C § 1331. The United States Supreme Court has recognized that federal "arising under" jurisdiction is not limited to cases where a plaintiff pleads a federal claim, but instead extends to situations where state law claims implicate significant federal issues. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 US. 308, 312 (2005). Describing this "longstanding . . . variety of federal 'arising under' jurisdiction," the Supreme Court explained:

> The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solitude, and hope of uniformity that federal forum offers on federal issues . . . .
>
> . . .
>
> . . . [T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.

*Grable*, 545 U.S. at 312-14.

6.  The Eleventh Circuit Court of Appeals, applying the principle of federal "arising under" jurisdiction, has held that a case where, like here, the complaint asserts only state law claims, including a claim for violation of Georgia's civil RICO statute, O.C.G.A § 16-14-1 *et seq.*, is properly removable. *Ayres v. Gen. Motors Corp.*, 234 F.3d 514, 517-20 (11th Cir. 2000); *see also Martin v. Citimortgage, Inc.*, No. 109-CV03410JOF, 2010 WL 1780076, at *2 (N.D. Ga. May 4, 2010) ("[E]ven if the complaint does not assert a federal cause of action, a case may

be removed where . . . a substantial federal question is raised by the plaintiff's state law claims.") (citation omitted).

7. In *Ayres*, a group of plaintiffs brought suit under Georgia's civil RICO statute, alleging violations of the federal mail fraud and wire fraud statutes, 18 U.S.C. §§ 1341, 1343, which are predicate offenses constituting racketeering under Georgia's RICO statute. 234 F.3d at 516. The plaintiffs argued that the National Traffic and Motor Vehicle Safety Act ("Safety Act"), 49 U.S.C. § 30118 *et seq.*, created a duty of disclosure, and that the defendants' failure to make disclosures under the Safety Act constituted federal mail and wire fraud. *Id.* The Eleventh Circuit held that whether "a breach of the disclosure duty under the Safety Act constitutes a federal mail and wire fraud crime . . . may be substantial enough to confer federal question jurisdiction." *Id.* at 519. While declining to hold that "*every* state RICO cause of action which depends on proving , as necessary predicate acts, a violation of the federal mail and wire fraud statues establishes federal question jurisdiction," the Eleventh Circuit found that such jurisdiction was appropriate in *Ayres* because the case involved the interaction of two bodies of federal law (RICO and the Safety Act), and because violations of the federal mail and wire fraud statutes "would be enforceable in a federal RICO cause of action." *See id.* at 520 (emphasis in original); *accord Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1302 (11th Cir. 2008).

8. In the instant case, as in *Ayres*, removal is proper because Plaintiffs' claims involve the interaction of multiple bodies of federal law. Plaintiffs' RICO claim is premised on an alleged "scheme" in which CHI "began employing undocumented and illegal workers" in violation of federal immigration and employment laws, including 8 U.S.C. § 1324a. *See* Compl. ¶ 21. In order to "cover up" this alleged "illegal employment scheme", Defendants allegedly induced Plaintiffs to violate federal banking laws, including 12 U.S.C. § 1882 and 31 U.S.C. § 5318(l), by cashing the checks of these alleged illegal workers without requiring proper

identification. *See* Compl. ¶¶ 1, 22-26. Plaintiffs also allege that Defendant SunTrust violated federal law, including 12 C.F.R § 208.62, by failing to make "a criminal referral or suspicious activity report as required by federal law," failing to report "to banking regulators and the U.S. attorney [SunTrust] and [CHI]'s long standing scheme to pay undocumented workers", and by failing to report this alleged scheme to its insurance, bond or surety companies. *See* Compl. ¶¶ 27, 33, 34.

9. In short, Plaintiffs allege that Defendants were engaged in a scheme to violate federal immigration and employment laws, and that Defendant SunTrust was under a duty imposed by federal banking law to report the alleged scheme set forth in Plaintiffs' Complaint. According to Plaintiffs' allegations, the failure to act in accordance with federally-imposed duty to report the alleged scheme constituted violations of various federal RICO laws, including the federal mail and wire fraud statutes. In order to succeed on their RICO claims, Plaintiffs will have to show, *inter alia,* that federal law imposes a duty on SunTrust to report the alleged scheme and that the breach of that duty constitutes a violation of the federal mail and wire fraud statutes. As was the case in *Ayres,* the question of whether a "breach of the disclosure duty under [federal banking laws] constitutes a federal mail and wire fraud crime. . . constitutes a federal question . . . substantial enough to confer federal question jurisdiction." *Ayres,* 234 F.3d at 519. Because Plaintiffs' claims place into dispute significant issues of federal law, they arise under federal law pursuant to 28 U.S.C. § 1331, and this case is therefore subject to removal to this Court.[3]

***All Other Removal Prerequisites Have Been Satisfied***

---

[3] Although Plaintiffs attempt to plead in such a way as to preclude removal in this case (*See* Compl. ¶ 9), "a case may be removed where . . . a substantial federal question is raised by the plaintiff's state law claims." *Martin,* 2010 WL 1780076, at *2 (citing *Dunlap v. G & L Holding Group, Inc.,* 381 F.3d 1285, 1290 (11th Cir. 2004)).

10. This suit is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

11. The Summons and Complaint were served (albeit improperly) on CHI on August 1, 2011; therefore, this Notice of Removal is filed within thirty (30) days after receipt of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the *Federal Rules of Civil Procedure* and 28 U.S.C. § 1446(b).

12. All Defendants consent to the removal of this action. Copies of Joinder of Notice of Removal executed by counsel for each Co-Defendant are attached hereto as Exhibit B.

13. A copy of this Notice of Removal is being filed with the Clerk for the State Court of Ware County, Georgia, as provided by law, and written notice is being sent to Plaintiffs' counsel.

14. Defendant CHI has sought no similar relief with respect to this matter.

15. The prerequisites of removal pursuant to 28 U.S.C. §§ 1441 and 1446 have been met.

16. The allegations of this Notice are true and correct, the case is currently pending in a county within the jurisdiction of the United States District Court for the Southern District of Georgia, Waycross Division, and this cause is properly removable to the United States District Court for the Southern District of Georgia.

WHEREFORE, Defendants desiring to remove this case to the United States District Court of the Southern District of Georgia, Waycross Division, being a district and division of said Court for the county in which said action is pending, prays that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

Respectfully submitted, this 31st day of August, 2011.

/s/ James L. Roberts, IV
James L. Roberts, IV (Georgia Bar No. 608580)

jroberts@robertstate.com
Jason M. Tate (Georgia Bar No. 140827)
jtate@robertstate.com
Roberts, Tate, LLC
P.O. Box 21828
400 Main St.
Cottage 1
St. Simons Island, Georgia 31522
912-638-5200 (phone)
912-638-5300 (fax)

*Attorneys for Clayton Homes, Inc.*

- 7 -

02208310.4

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on the following via first-class U.S. mail on August 31, 2011:

>Kenneth E. Futch
>The Futch Law Firm
>110 Screven Avenue
>Waycross, GA 31501
>
>John M. Tatum
>Hunter Maclean Exley & Dunn, P.C.
>200 East Saint Julian Street
>P.O. Box 9848
>Savannah, Georgia  31412
>
>R. Matthew Eunice
>Eunice Law Firm, LLC
>215 Albany Ave., Ste. A
>Waycross, GA 31501
>
>Neal L. Conner, Jr.
>Conner & Jackson
>1008 Plant Ave.
>Waycross, GA 31501

>/s/ James L. Roberts, IV
>OF COUNSEL