# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| ANGIE DENTON, KRYSTAL SIKES, LYNETTE KEARNEY, DONNA O'BERRY, and TERRI SMITH, | * * * * * | |
| Plaintiffs, | * * | |
| vs. | * * | CV 511-088 |
| SUNTRUST BANKS OF GEORGIA, INC., CLAYTON HOMES, INC., SAMUEL WYLIE, and SANDY URSERY | * * * * * | |
| Defendants. | * | |

### ORDER

Presently before the Court is Defendant Clayton Homes, Inc.'s ("Defendant") Motion for Reconsideration of the Court's January 5, 2012 Order remanding the case to the State Court of Ware County, Georgia. See Dkt. No. 62. Upon due consideration, the Defendant's Motion is **DENIED**.

The decision to grant a motion for reconsideration rests within the sound discretion of the district court. Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs., 225 F.3d 1208, 1216 (11th Cir. 2000). There are three main grounds that may justify reconsideration: (1) "an intervening change in controlling law," (2) "the availability of

AO 72A
(Rev. 8/82)

new evidence," and (3) "the need to correct clear error or prevent manifest injustice." Estate of Pidcock ex rel. Pidcock v. Sunnyland Am., Inc., 726 F. Supp. 1322, 1333 (S.D. Ga. 1989). A motion for reconsideration should not be used as a vehicle "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003). Nor does such a motion present an opportunity to instruct the Court on how it "'could have done it better' the first time." Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).

In order to prevail on a motion for reconsideration, the moving party must set forth a strongly convincing justification to induce the court to set aside its previous filings. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). The Defendant has not done so. Namely, the Defendant has not demonstrated that any of the three primary grounds for reconsideration are met in this case. First, Defendant has not shown an intervening change in the law. Rather, the Defendant has argued that pending cases could potentially help its position at a later time. Second, Defendant has not raised any newly available evidence. Finally, Defendant has not persuaded the Court that there is any clear error or manifest injustice

2

warranting correction. Instead, Defendant's motion consists of a rehash of arguments previously made to this Court. Such arguments do not warrant an alteration of the previous order. Bryan, 246 F. Supp. 2d at 1259.

Accordingly, Defendant's Motion for Reconsideration is **DENIED**.

**SO ORDERED**, this 25th day of May, 2012.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)

3